# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Elizabeth U. Witmer, Esquire
Attorney I.D. No. 55808
James G. Rosenberg, Esquire
Attorney I.D. No. 16915
Jennifer B. Bonniwell, Esquire
Attorney I.D. No. 93516
Sean T. O'Neill, Esquire
Attorney I.D. No. 205595
SAUL EWING LLP
1200 Liberty Ridge, Suite 200
Wayne, PA 19087-5569
610-251-5050

*Attorneys for Plaintiff Transcontinental Gas Pipe Line Company, LLC*

TRANSCONTINENTAL GAS PIPE LINE
COMPANY, LLC,
2800 Post Oak Boulevard
Houston, Texas 77251-1396

                Plaintiff,

      v.

A PERMANENT EASEMENT FOR 0.018
ACRES AND A TEMPORARY EASEMENT
FOR 0.017 ACRES OF LAND IN EAST
CALN TOWNSHIP, CHESTER COUNTY,
PENNSYLVANIA, TAX PARCEL NO. 40-
01-0006
333 Norwood Drive
Downingtown, Pa. 19335,

FRIGYES & MARIA ALEJNIKOV
333 Norwood Drive
Downingtown, Pa. 19335,

A PERMANENT EASEMENT FOR 0.019
ACRES AND A TEMPORARY EASEMENT
FOR 0.021 ACRES OF LAND IN EAST
CALN TOWNSHIP, CHESTER COUNTY,
PENNSYLVANIA, TAX PARCEL NO. 40-
01-0006.020
335 Norwood Drive
Downingtown, Pa. 19335,

Action No. _____

665266.3 3-31/09

DAVID M. & ANNA A. JONES                          :
335 Norwood Drive
Downingtown, Pa. 19335,                           :
                                                  :
                                                  :
NORTH AMERICAN MORTGAGE CO.                       :
1945 Old Gallows Rd.
Ste. 500                                          :
Vienna, VA 22182-3931                             :
                                                  :
WELLS FARGO HOME MORTGAGE, INC.                   :
5024 Parkway Plaza                                :
Bldg. 7                                           :
Charlotte, NC 28217-0000                          :
                                                  :
WELLS FARGO BANK                                  :
11601 N. Black Canyon Hwy.                        :
Phoenix, AZ 85029                                 :
                                                  :
A PERMANENT EASEMENT FOR 0.160                    :
ACRES AND A TEMPORARY EASEMENT                    :
FOR 0.210 ACRES OF LAND IN EAST                   :
CALN TOWNSHIP, CHESTER COUNTY,                    :
PENNSYLVANIA, TAX PARCEL NO. 40-                  :
01-0006.010                                       :
331 Norwood Drive                                 :
Downingtown, Pa.  19335                           :
                                                  :
STEVE & LYNDA K. FARRELL                          :
331 Norwood Drive                                 :
Downingtown, Pa.  19335                           :
                                                  :
NATIONAL CITY MORTGAGE CO.                        :
c/o Corporation Service Company                   :
2704 Commerce Drive                               :
Suite B                                           :
Harrisburg, PA 17110                              :
                                                  :
MERRILL LYNCH CREDIT CORP.                        :
5201 Gate Parkway                                 :
Jacksonville, FL 32256                            :
                                                  :
AND ALL UNKNOWN OWNERS AND                        :
INTERESTED PARTIES,                               :
                          Defendants.

## NOTICE OF CONDEMNATION

To:  Frigyes and Maria Alejnikov, David and Anna A. Jones, North American Mortgage Co., Wells Fargo Home Mortgage, Inc., Wells Fargo Bank, Steve and Lynda K. Farrell, National City Mortgage Co. and Merrill Lynch Credit Corp.:

1.     A complaint in condemnation has been filed in the United States District Court for the Eastern District of Pennsylvania, for the taking under the federal power of eminent domain of permanent and temporary easements on Defendants' properties to enter upon and use for ingress, egress and regress and use for construction and to lay, construct, operate and maintain a 42 inch natural gas pipeline.  The interests to be taken are easements and rights of way.  The court is located in the United States courthouse at this address: 601 Market Street, Room 2609, Philadelphia, PA 19106-1797.

2.     The property to be taken is described below.  You have or claim an interest in it.

A permanent easement for 0.018 acres and a temporary easement for 0.017 acres of land in East Caln Township, Chester County, Pennsylvania, Tax Parcel No. 40-01-0006 (Alejnikov), as shown on the drawing attached as Exhibit B to the Complaint and legal description attached as Exhibit C to the Complaint.

A permanent easement for 0.019 acres and a temporary easement for 0.021 acres of land in East Caln Township, Chester County, Pennsylvania, Tax Parcel No. 40-01-0006.020 (Jones), as shown on the drawing attached as Exhibit D and legal description attached as Exhibit E to the Complaint.

A permanent easement for 0.160 acres and a temporary easement for 0.210 acres of land in East Caln Township, Chester County, Pennsylvania, Tax Parcel No. 40-01-0006.010 (Farrell), as shown on the drawing attached as Exhibit F and legal description attached as Exhibit G to the Complaint.

3.     The authority for taking this property is Section 7 of the Natural Gas Act, as amended, 15 U.S.C.A. § 717f(h).

4.     If you want to object or present any defense to the taking you must serve an answer on the plaintiff's attorney within 20 days after being served with this notice, or such shorter time as the Court orders.  File your answer with the United States District Court for the Eastern District of Pennsylvania and send your answer to this address:

Elizabeth U. Witmer, Esquire
SAUL EWING LLP
1200 Liberty Ridge, Suite 200
Wayne, PA 19087-5569

5.     Your answer must identify the property in which you claim an interest, state the nature and extent of that interest, and state all your objections and defenses to the taking. Objections and defenses not presented are waived.

6.     If you fail to answer, you consent to the taking and the court will enter a judgment that takes your described property interest.

7.     Instead of answering, you may file with the court and serve on the plaintiff's attorney a notice of appearance that designates the property in which you claim an interest. After you do that, you will receive a notice of any proceedings that affect you. Whether or not you have previously appeared or answered, you may present evidence at a trial to determine compensation for the property and share in the overall award.

Elizabeth U. Witmer
ewitmer@saul.com
James G. Rosenberg
Jennifer B. Bonniwell
Sean T. O'Neill
SAUL EWING LLP
1200 Liberty Ridge, Suite 200
Wayne, PA 19087-5569
(610) 251-5062

*Attorneys for Plaintiff
Transcontinental Gas Pipe Line
Company, LLC*

Dated: April 1, 2009

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

Elizabeth U. Witmer, Esquire
Attorney I.D. No. 55808
James G. Rosenberg, Esquire
Attorney I.D. No. 16915
Jennifer B. Bonniwell, Esquire
Attorney I.D. No. 93516
Sean T. O'Neill, Esquire
Attorney I.D. No. 205595
SAUL EWING LLP
1200 Liberty Ridge, Suite 200
Wayne, PA 19087-5569
610-251-5050

*Attorneys for Plaintiff Transcontinental Gas*
*Pipe Line Company, LLC*

TRANSCONTINENTAL GAS PIPE LINE
COMPANY, LLC,
2800 Post Oak Boulevard
Houston, Texas 77251-1396

                         Plaintiff,

        v.

A PERMANENT EASEMENT FOR 0.018
ACRES AND A TEMPORARY EASEMENT
FOR 0.017 ACRES OF LAND IN EAST
CALN TOWNSHIP, CHESTER COUNTY,
PENNSYLVANIA, TAX PARCEL NO. 40-
01-0006
333 Norwood Drive
Downingtown, Pa. 19335,

FRIGYES & MARIA ALEJNIKOV
333 Norwood Drive
Downingtown, Pa. 19335,

A PERMANENT EASEMENT FOR 0.019
ACRES AND A TEMPORARY EASEMENT
FOR 0.021 ACRES OF LAND IN EAST
CALN TOWNSHIP, CHESTER COUNTY,
PENNSYLVANIA, TAX PARCEL NO. 40-
01-0006.020
335 Norwood Drive
Downingtown, Pa. 19335,

DAVID M. & ANNA A. JONES

Action No. _____

665266 3 3/31/09

335 Norwood Drive                          :
Downingtown, Pa. 19335,                    :
                                           :
NORTH AMERICAN MORTGAGE CO.                :
1945 Old Gallows Rd.                       :
Ste. 500                                   :
Vienna, VA 22182-3931                      :
                                           :
WELLS FARGO HOME MORTGAGE, INC.            :
5024 Parkway Plaza                         :
Bldg. 7                                    :
Charlotte, NC 28217-0000                   :
                                           :
WELLS FARGO BANK                           :
11601 N. Black Canyon Hwy.                 :
Phoenix, AZ 85029                          :
                                           :
A PERMANENT EASEMENT FOR 0.160             :
ACRES AND A TEMPORARY EASEMENT             :
FOR 0.210 ACRES OF LAND IN EAST            :
CALN TOWNSHIP, CHESTER COUNTY,             :
PENNSYLVANIA, TAX PARCEL NO. 40-           :
01-0006.010                                :
331 Norwood Drive                          :
Downingtown, Pa.  19335                    :
                                           :
STEVE & LYNDA K. FARRELL                   :
331 Norwood Drive                          :
Downingtown, Pa.  19335                    :
                                           :
NATIONAL CITY MORTGAGE CO.                 :
c/o Corporation Service Company            :
2704 Commerce Drive                        :
Suite B                                    :
Harrisburg, PA 17110                       :
                                           :
MERRILL LYNCH CREDIT CORP.                 :
5201 Gate Parkway                          :
Jacksonville, FL 32256                     :
                                           :
AND ALL UNKNOWN OWNERS AND                 :
INTERESTED PARTIES,                        :
                    Defendants.            :

## VERIFIED COMPLAINT FOR CONDEMNATION OF PROPERTY PURSUANT TO Fed. R.Civ. P. 71.1

Plaintiff Transcontinental Gas Pipe Line Company, LLC ("Transco"), for its causes of action against Defendants, states as follows:

1.      Transco is an interstate natural gas transmission company that operates more than 10,000 miles of natural gas pipeline from sources in the Southern States and Gulf of Mexico to customers in the Northeast.

2.      This is a civil action brought by Transco for the taking of easements and rights of way ("Rights of Way") on Defendants' properties that are necessary to shut down and replace a segment of one of Transco's mainline transmission lines in Chester County, Pennsylvania and to operate and maintain the replacement 42-inch pipeline in its place.

3.      Transco received a Certificate of Public Convenience and Necessity from the Federal Energy Regulatory Commission ("FERC") on August 14, 2008 to replace a section of Transco's existing 50-year-old, 30-inch Mainline A pipeline in Chester County, Pennsylvania and, in its place, construct, operate and maintain a 42-inch segment of pipeline.  This project is known as the Downingtown Replacement.[1]

4.      The three properties subject to this Complaint are owned by adjacent landowners who share a driveway.

5.      Per a search of the Defendant-Landowners' titles, the driveway is located on the property of Defendants Frigyes and Maria Alejnikov at Tax Parcel No. 40-01-0006.  Defendants David M. and Anna A. Jones hold an easement over a 20-foot driveway on the Alejnikov property by virtue of their Deed dated April 30, 1998 recorded in the Office of the Recorder of

---

[1]      The Downingtown Replacement is part of the larger Sentinel Project, which also includes construction in other parts of Eastern Pennsylvania and New Jersey.  The Rights of Way sought on Defendants' properties involve only the Downingtown Replacement.

Deeds of Chester County at Book 4349, Page 345.[2] Defendants Steve and Lynda K. Farrell hold an easement over a 20-foot driveway on the Alejnikov property by virtue of their deed dated June 12, 1992 recorded in the Office of the Recorder of Deeds of Chester County at Book 3064, Page 390.[3]

6.      Transco seeks to condemn on the Alejnikov property permanent and temporary easements, including in the area of the shared driveway, and also to condemn the rights of the Jones and Farrells in the driveway to the extent they intersect with and are inconsistent with the permanent easement sought by Transco in the area of the shared driveway. Transco also seeks to condemn permanent and temporary easements on the Jones and Farrell properties.

7.      Transco is a "natural gas company" within the meaning of the Natural Gas Act, 15 U.S.C § 717 *et seq.*, (the "Natural Gas Act"), and the authority for the taking is granted to Transco by 15 U.S.C. § 717f(h).

8.      Under the Natural Gas Act, a natural gas company has the power to condemn land for a federally approved natural gas pipeline project if:

      (a)      the company has been granted a Certificate of Public Convenience and Necessity from the Federal Energy Regulatory Commission ("FERC"),

      (b)      the company has been unable to acquire the needed land by contract with the owner, and

      (c)      the value of the property at issue is claimed by the landowner at more than $3,000.

15 U.S.C. § 717f(h).

---

[2]      A true and correct copy of the Jones' deed is attached as Exhibit H.

[3]      A true and correct copy of the Farrell's deed is attached as Exhibit I.

9.    Transco meets these three requirements, as detailed below.

## I.    Jurisdiction and Venue.

10.    Transco's authority to maintain the action in this Court derives from the Natural

Gas Act, 15 U.S.C.A. §§ 717a, *et seq.*  Section 717f(h) states in relevant part:

> **When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located**, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: Provided, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

15 U.S.C.A. § 717f(h) (emphasis added).

## II.    Parties.

11.    Plaintiff Transcontinental Gas Pipe Line Company, LLC is a Delaware

Corporation with a principal place of business at 2800 Post Oak Boulevard, Houston, Texas

77251-1396.

12.    Defendants Frigyes and Maria Alejnikov are the fee simple owners of the Rights

of Way sought to be acquired on Tax Parcel No. 40-01-0006 and are individuals residing at 333

Norwood Drive, Downingtown, Pennsylvania 19335 (hereafter "Alejnikov").

13.     Defendants David M. and Anna A. Jones are the fee simple owners of the Rights

of Way sought to be acquired on Tax Parcel No. 40-01-0006.020 and hold an easement for

ingress and egress on a 20-foot shared driveway on Tax Parcel No. 40-01-0006.  The Jones are

individuals residing at 335 Norwood Drive, Downingtown, Pennsylvania 19335.

14.     North American Mortgage Co. holds a mortgage of record on the Jones' property.

The notice address per the recorded mortgage and confirmed by a search of the title is 1945 Old

Gallows Road, Suite 500, Vienna, Virginia 22182-3931.

15.     Wells Fargo Home Mortgage holds a mortgage of record on the Jones' property.

The notice address per the recorded mortgage and confirmed by a search of the title is 5024

Parkway Plaza, Building 7, Charlotte, North Carolina 28217.

16.     Wells Fargo Bank holds a mortgage of record on the Jones' property.  The notice

address per the recorded mortgage and confirmed by a search of the title is 11601 N. Black

Canyon Highway, Phoenix, Arizona 85029.

17.     Defendants Steve and Lynda K. Farrell are the fee simple owners of the Rights of

Way sought to be acquired on Tax Parcel No. 40-01-0006.010 and hold an easement for ingress

and egress on a 20-foot shared driveway on Tax Parcel No. 40-01-0006.  The Farrells are

individuals residing at 331 Norwood Drive, Downingtown, Pennsylvania 19335.

18.     National City Mortgage Company holds a mortgage of record on the Farrells'

property and is authorized to receive service c/o Corporation Service Company, 2704 Commerce

Drive, Harrisburg, Pennsylvania.

19.     Merrill Lynch Credit Corporation holds a mortgage of record on the Farrells'

property.  The notice address per the recorded mortgage and confirmed by a search of the title is

5201 Gate Parkway, Jacksonville, Florida 32256.

## III.      Transco is a Holder of a Certificate of Public Convenience and Necessity.

20.     On December 3, 2007, Transco filed an application with FERC for a Certificate of

Public Convenience and Necessity for approval to shutdown and replace a portion of its existing

Mainline A transmission line in Chester County, Pennsylvania.[4]

21.     On August 14, 2008, FERC approved the Sentinel Project, including the

Downingtown Replacement, and issued an order granting Transco a Certificate of Public

Convenience and Necessity, Docket No. CP08-31-000.  Transcontinental Gas Pipe Line

Corporation, 124 FERC ¶ 61,160, August 14, 2008, which is attached as Exhibit A.[5]

22.     The FERC Certificate authorizes Transco, among other things, to replace 7.15

miles of pipeline on the existing 30-inch Mainline A pipeline with a 42-inch pipeline and to

make piping modification to the compressor station in Chester County, Pennsylvania.

23.     Transco already owns permanent easements on each of Defendants' properties

that Transco acquired in the 1950s for its original Mainline A pipeline.

---

[4]     Transco underwent an extensive review process.  Notice of the application was published in the Federal Register on December 27, 2007.  FERC held public hearings on November 16, 2006 and June 16, 2006 and held "numerous meetings" with interested state, federal and local agencies.  See FERC Certificate, ¶¶33, 34, 39.

[5]     As of March 30, 2009, FERC had denied all petitions for rehearing except for two, which seek to challenge FERC's Certificate of Public Convenience and Necessity on the Sentinel Project.  The two pending petitions were not filed in time to be considered in FERC's Order Denying Rehearing.  This Court does not have jurisdiction to review a collateral attack on the FERC Certificate.  Williams Natural Gas Co. v. City of Okla. City, 890 F.2d 255, 264-66 (10th Cir. 1989), cert. den'd, 497 U.S. 1003 (1990);  Steckman Ridge GP, LLC v. An Exclusive Natural Gas Storage Easement Beneath 11.078 Acres, More or Less, in Monroe Twp., 2008 WL 4346405, at *3-4 (W.D. Pa.. Sept. 19, 2008).  Filing an application for a rehearing with FERC does not "unless specifically ordered by the Commission, operate as a stay of the Commission's order."  15 U.S.C. § 717r(c).  The grant of a rehearing likewise does not stay the original order absent FERC's grant of a stay.  Steckman, 2008 WL 4346405, at *3.  Absent a stay, this Court's sole role is to enforce the order.  Id.; see Tenn. Gas Pipeline Co. v. 104 Acres of Land More or Less, Providence County, R.I., 749 F. Supp. 427 (D. R.I. 1990).

24.    The additional Rights of Way on Defendants' properties are needed for the

construction of the Downingtown Replacement and are adjacent to the existing easements on

each of Defendants' properties.

25.    In its Certificate of Public Convenience and Necessity, FERC certified that:

> Based on the benefits that Transco's proposal will provide to the
> market and the minimal adverse effects on existing customers,
> other pipelines, landowners, or communities, we find that approval
> of the Sentinel Expansion Project is required by the public
> convenience and necessity...

Exh. A, FERC Certificate, ¶24.

26.    FERC further certified that:

> [T]he benefits of Transco's proposed Sentinel Expansion Project
> outweigh any potential adverse effects.  Accordingly, we conclude
> that the proposed project is required by the public convenience and
> necessity.

Exh. A, FERC Certificate, ¶93.

27.    In its FERC Certificate, FERC specifically addressed concerns of landowners

about the impact to land and property values.  In referring to the Environmental Assessment

performed by FERC ("EA"), FERC stated:

> Numerous commenters expressed concern with impacts to land and
> property values resulting from the use of the proposed construction
> and permanent rights-of-way.  The EA states that many of the
> homes present along the proposed replacement pipeline are
> currently situated adjacent to Transco's existing right-of-way,
> which functions essentially as green space.  Therefore, the EA
> concluded that expansion of this space would not result in
> significant impacts to land value.  Since the affected lands abut a
> long established natural gas pipeline corridor, **we believe that the
> use of this land, whether on a temporary or permanent basis,
> should not significantly impact the overall land value.**

FERC Certificate, ¶57 (emphasis added).

28.     FERC also specifically addressed concerns of landowners whose homes were within 50 feet of a construction area:

> Prior to construction of the Downingtown Replacement, Transco shall provide individual site-specific residential plans to the owner of each residence located within 50 feet of construction work areas and provide the owner one month to review and comment on these plans. Transco shall file these plans along with any comments from the property owner(s) with the Secretary for review and written approval by the Director of OEP. Transco shall identify how it would keep residents informed of the progress of construction in the vicinity of their respective residences and provide evidence of landowner concurrence if construction areas would be located within 10 feet of a residence.
>
> *       *       *
>
> In addition, Transco shall file a detailed description of the measures it will implement to ensure the public safety during construction activities; minimize and mitigate impacts from dust, noise, and vibration.
>
> Transco shall not exercise eminent domain authority granted under section 7(h) of the Natural Gas Act to acquire permanent rights-of-way until the required site-specific residential construction plans have been reviewed and approved by the Director of OEP.

Exh. A, FERC Certificate, Appendix B, ¶17 (p.37).

29.     Defendants' homes are not within 50 feet of any of the proposed construction work areas, therefore FERC did not require additional review of Transco plans on Defendants' properties. Thus, FERC put no additional conditions in the FERC Certificate prior to the exercise of eminent domain on Defendants' lands.

30.     Transco has satisfied all of the conditions imposed by FERC in the Certificate prior to the exercise of eminent domain.[6]

---

[6] The FERC Certificate contains other conditions relating to the Sentinel Project, including some conditions that require actions after the pipeline has been replaced and thus implicitly are not required to be completed prior to Transco having the power of eminent domain. Transco has satisfied all conditions required prior to the exercise of eminent domain under Section 7(h) of the Natural Gas Act. Portland Natural Gas Trans. Sys. v. 4.83 Acres, 26 F.Supp.2d 332 (D. N.H. 1998) (satisfying the conditions of the FERC certificate was not a condition of the NGA for exercising power of eminent domain).

31.     To obtain the FERC Certificate, Transco was required to enter into binding contracts with customers for the full capacity of the Downingtown Replacement. Accordingly, Transco has agreements that require it to provide additional natural gas capacity by November 1, 2009.

32.     To meet its contractual obligations to customers, Transco must have access to the Rights of Way sought on Defendants' properties by no later than June 1, 2009.

**IV.     Transco Has Been Unable to Acquire Defendants' Properties by Contract.**

33.     Transco, by its agents, contacted each of the Defendants numerous times for the purpose of negotiating the acquisition of the above-described easements.

34.     Transco offered to pay each of the Defendants an amount that is higher than the amount fixed by the appraisal, for the property rights that Transco seeks.[7]

35.     Defendants did not accept Transco's offers.

36.     Accordingly, Transco has been unable to acquire the above-described property rights by contract.

**V.     Transco Offered More than $3,000 for the Rights of Way.**

37.     Transco offered each of the Defendants an amount greater than $3,000 for the Rights of Way sought by Transco to construct the Downingtown Replacement.

38.     Accordingly, Transco satisfies the jurisdictional requirement of the Natural Gas Act.

---

[7]     Transco retained an independent appraiser to make an appraisal of the fair market value of the property rights sought to be condemned and provided each of Defendants with a copy of the appraisal. The appraisals value (1) the property sought to be condemned on the Alejnikov property at $1,000; (2) the property sought to be condemned on the Jones property at $2,500; and (3) the property sought to be condemned on the Farrell property at $11,000.

## COUNT ONE

### Condemnation of Rights of Way on Tax Parcel No. 40-01-0006

39.    The averments of paragraphs 1 through 38 are incorporated as if set forth in full.

40.    On Tax Parcel No. 40-01-0006 (Alejnikov), Transco seeks:

(a)    0.018 acres of permanent easement and right of way, including the area on

the Alejnikov property where the permanent easement intersects the 20-foot driveway in which

Jones and Farrell hold an easement for ingress and egress, to lay, construct, maintain, operate,

repair, alter, replace and remove a 42-inch natural gas pipeline and appurtenant facilities;

together with

(b)    0.017 acres of temporary workspace easement for the duration of the

Downingtown Replacement to enter upon, use for ingress, egress and regress, clear off and use

for construction.

41.    The Rights of Way sought to be condemned on Tax Parcel No. 40-01-0006 are

designated as "Area of Proposed Right of Way" and "Area of Temporary Work Space" as shown

in Transco Drawing Nos. 24-10-70/229068-1-A and 24-10-70/229173-2-A dated September 30,

2008, which are attached as Exhibit B, and described more fully in the legal descriptions

attached as Exhibit C.  Exhibits B and C are incorporated here by reference.

WHEREFORE, Plaintiff Transcontinental Gas Pipe Line Company, LLC,

demands judgment against a Permanent Easement for 0.018 Acres and a Temporary Easement

for 0.017 Acres of Land in East Caln Township, Chester County, Pennsylvania, Tax Parcel No.

40-01-0006, Frigyes and Maria Alejnikov, David and Anna A. Jones, North American Mortgage

Co., Wells Fargo Home Mortgage, Inc., Wells Fargo Bank, Steve and Lynda K. Farrell, National

City Mortgage Co., Merrill Lynch Credit Corp., and all unknown owners and interested parties, as follows:

    (a)    An Order of Condemnation that Transco has the substantive right to condemn 0.018 acres of permanent easement and right of way to lay, construct, maintain, operate, repair, alter, replace and remove a 42-inch natural gas pipeline and appurtenant facilities, and 0.017 acres of temporary workspace easement for the duration of the Downingtown Replacement to enter upon, use for ingress, egress and regress, clear off and use for construction, as described in Exhibits B and C, pursuant to the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, and the order issued by the Federal Energy Regulatory Commission, Docket CP08-31-000, dated August 14, 2008;

    (b)    Fix the compensation to be paid to Defendants for the property rights sought;

    (c)    Granting title to the property interests sought; and

    (d)    Granting any other lawful and proper relief

### COUNT TWO

### Condemnation of Rights of Way on Tax Parcel No. 40-01-0006.020

42.    The averments of paragraphs 1 through 38 are incorporated as if set forth in full.

43.    On Tax Parcel No. 40-01-0006.020 (Jones), Transco seeks:

    (a)    0.019 acres of permanent easement and right of way to lay, construct, maintain, operate, repair, alter, replace and remove a 42-inch natural gas pipeline and appurtenant facilities; together with

      (b)    0.021 acres of temporary workspace easement for the duration of the Downingtown Replacement to enter upon, use for ingress, egress and regress, clear off and use for construction.

    44.    The Rights of Way sought to be condemned on Tax Parcel No. 40-01-0006.020 are designated as "Area of Proposed Right of Way" and "Area of Temporary Work Space" as shown in Transco Drawing Nos. 24-10-70/229109-1-A and 24-10-70/229109-2-A dated August 8, 2008, which are attached as Exhibit D, and described more fully in the legal descriptions attached as Exhibit E.  Exhibits D and E are incorporated here by reference.

    WHEREFORE, Plaintiff Transcontinental Gas Pipe Line Company, LLC, demands judgment against a Permanent Easement for 0.019 Acres and a Temporary Easement for 0.021 Acres of Land in East Caln Township, Chester County, Pennsylvania, Tax Parcel No. 40-01-0006.020, David and Anna A. Jones, North American Mortgage Co., Wells Fargo Home Mortgage, Inc., Wells Fargo Bank, and all unknown owners and interested parties, as follows:

    (a)    An Order of Condemnation that Transco has the substantive right to condemn 0.019 acres of permanent easement and right of way to lay, construct, maintain, operate, repair, alter, replace and remove a 42-inch natural gas pipeline and appurtenant facilities, and 0.021 acres of temporary workspace easement for the duration of the Downingtown Replacement to enter upon, use for ingress, egress and regress, clear off and use for construction, as described in Exhibits D and E, pursuant to the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, and the order issued by the Federal Energy Regulatory Commission, Docket CP08-31-000, dated August 14, 2008;

(b)     Fix the compensation to be paid to Defendants for the property rights

sought;

(c)     Granting title to the property interests sought; and

(d)     Granting any other lawful and proper relief.

## COUNT THREE

### Condemnation of Rights of Way on Tax Parcel No. 40-01-0006.010

45.     The averments of paragraphs 1 through 38 are incorporated as if set forth in full.

46.     On Tax Parcel No. 40-01-0006.010 (Farrell), Transco seeks:

(a)     0.160 acres of permanent easement and right of way to lay, construct,

maintain, operate, repair, alter, replace and remove a 42-inch natural gas pipeline and

appurtenant facilities; together with

(b)     0.210 acres of temporary workspace easement for the duration of the

Downingtown Replacement to enter upon, use for ingress, egress and regress, clear off and use

for construction.

47.     The Rights of Way sought to be condemned on Tax Parcel No. 40-01-0006.010

are designated as "Area of Proposed Right of Way" and "Area of Temporary Work Space" as

shown in Transco Drawing Nos. 24-10-70/228733-1-A and 24-10-70/228733-2-A dated

September 30, 2008, which are attached as Exhibit F, and described more fully in the legal

descriptions attached as Exhibit G.   Exhibits F and G are incorporated here by reference.

WHEREFORE, Plaintiff Transcontinental Gas Pipe Line Company, LLC,

demands judgment against a Permanent Easement for 0.160 Acres and a Temporary Easement

for 0.210 Acres of Land in East Caln Township, Chester County, Pennsylvania, Tax Parcel No.

40-01-0006.010, Steve and Lynda K. Farrell, National City Mortgage Co., Merrill Lynch Credit

Corp., and all unknown owners and interested parties, as follows:

    (e)      An Order of Condemnation that Transco has the substantive right to

condemn 0.160 acres of permanent easement and right of way to lay,

construct, maintain, operate, repair, alter, replace and remove a 42-inch

natural gas pipeline and appurtenant facilities, and 0.210 acres of

temporary workspace easement for the duration of the Downingtown

Replacement to enter upon, use for ingress, egress and regress, clear off

and use for construction, as described in Exhibits F and G, together with

the permanent right to interfere pursuant to the Natural Gas Act, 15

U.S.C. § 717 *et seq.*, and the order issued by the Federal Energy

Regulatory Commission, Docket CP08-31-000, dated August 14, 2008;

    (f)      Fix the compensation to be paid to Defendants for the property rights

sought;

    (g)      Granting title to the property interests sought; and

(h)    Granting any other lawful and proper relief.

Elizabeth U. Witmer
James G. Rosenberg
Jennifer B. Bonniwell
Sean T. O'Neill
SAUL EWING LLP
1200 Liberty Ridge, Suite 200
Wayne, PA 19087-5569

*Attorneys for Plaintiff*
*Transcontinental Gas Pipe Line*
*Company, LLC*

Dated: April 1, 2009

## **VERIFICATION**

I, Douglas Anderson, verify that I am authorized to take this Verification on behalf of

Transcontinental Gas Pipe Line Company, LLC, and that the facts set forth in the foregoing

Verified Complaint for Condemnation of Property Pursuant to Federal Rule of Civil Procedure

71.1 are true and correct to the best of my knowledge, information and belief.  I understand that I

am making this Verification subject to the penalties of 28 U.S.C. § 1746 relating to unsworn

falsification to authorities.

Date: March 31, 2009

Douglas Anderson